IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**MICHAEL CHADWICK, on behalf of himself and those similarly situated,**

Plaintiff,

v.

**JAMES WARREN AND ASSOCIATES, INC.**, **a Georgia Profit Corporation, and JAMES WARREN, individually,**

Defendants.

Civil Action No. 7:15-CV-40 (HL)

**ORDER**

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees. (Doc. 22). On August 28, 2015, the parties filed a Joint Motion for Judgment, thereby settling Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA") based allegations that Defendants failed to pay Plaintiff overtime wages for overtime hours Plaintiff worked while employed by Defendants. Pursuant to the parties' agreement, the Court entered a Consent Judgment in favor of Plaintiff in the amount of $245 for unpaid overtime wages under 29 U.S.C. § 207(a)(1) and $245 for liquidated damages under 29 U.S.C. § 216(b). (Doc. 19). The Consent Order further contemplated an award of attorneys' fees and costs. The parties, unable to reach a resolution regarding the appropriate amount of fees to be awarded now call upon the Court to determine the proper fee award. Plaintiff seeks $10,294.50 for attorneys' fees and $800 for costs incurred in litigating this

action. Defendants object, arguing that the attorneys' fees sought by Plaintiff are patently unreasonable. Upon consideration of the affidavits and documents submitted by the parties, the Court grants Plaintiff's motion for attorneys' fees and costs but at a considerably reduced rate.

## I. BACKGROUND

Plaintiff Michael Chadwick began working for Defendant James Warren and Associates, Inc. as a non-exempt equipment operator sometime in March 2014. Between March 14, 2014 and November 2, 2014, Plaintiff worked in excess of 40 hours in a work week and purportedly did not receive appropriate compensation. According to Plaintiff, Defendants paid him "straight time", or his regular hourly wage, rather than the required time and a half. On March 24, 2015, Plaintiff initiated the present lawsuit against Defendants, alleging violations of the FLSA, 29 U.S.C. §§ 201 et seq. Plaintiff substantively argues only that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff one and half times his hourly wage for hours worked in excess of 40 hours per week.

Defendants have never contested that they owe Plaintiff overtime wages. Defendants received service of Plaintiff's Complaint on March 30, 2015. (Docs. 9, 10). The parties began discussing the possibility of settlement as early as April 6, 2015. (Doc. 25-1, p. 1). On April 8, 2015, Defendants conceded that Plaintiff worked 49 hours of overtime, for which he received $10 per hour instead of $15 per hour. (Doc. 22-3, p. 14). Accordingly, Defendants admittedly owed Plaintiff

$245 in overtime wages. (Id.). Plaintiff thereafter made an offer to settle the case for $4000, in satisfaction of overtime wages due Plaintiff, liquidated damages, attorneys' fees for approximately 10 hours of time expended by Plaintiff's counsel, and $500 in costs. (Id.). Defendants rejected Plaintiff's offer of settlement and counteroffered to settle the case for $500. (Doc. 25-1, p. 3). Defendants subsequently filed their Answer on April 14, 2015. (Doc. 5).

Defendants served Plaintiff with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 on May 28, 2015, in the amount of $2,000. (Doc. 22-3, pp. 16-18). Plaintiff rejected Defendants' offer. The parties thereafter began engaging in discovery.

The parties ultimately agreed to entry of a Consent Judgment, which the undersigned approved on August 28, 2015, awarding Plaintiff $245 in unpaid overtime wages and $245 in liquidated damages. The order left undecided the matter of reasonable attorneys' fees and costs. Since the parties have been unable to reach an agreement on the issue of attorneys' fees, the determination of an appropriate fee amount falls to the Court.

## II. DISCUSSION

Plaintiff seeks attorneys' fees and costs under the express terms of the FLSA, which provides that when an employer violates the FLSA's overtime provision the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); see also Kraeger v.

Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing parties."). "[A]ttorney fees are an integral part of the merits of FLSA cases and part of the relief sought." Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). The fee-shifting mechanism of the FLSA was implemented not as a form of punishment but to "provide an adequate economic incentive for private attorneys to take employment discrimination cases and thereby to ensure competent legal representation of legitimate claims." Odil v. Evans, 2005 WL 359162, at *3 (M.D. Ga. Dec. 30, 2005) (quoting Hauschild v. United States, 53 Fed. Cl. 134, 146 (Fed. Cl. 2002) (internal quotation marks omitted). Defendants do not dispute that Plaintiff is a prevailing party or that Plaintiff is entitled to attorneys' fees. However, Defendants argue that the fees sought by Plaintiff are unreasonable. The Court agrees.

Where a statute or rule of law permits an award of reasonable attorneys' fees to a prevailing party, the Eleventh Circuit instructs that the court should employ the "lodestar" method to compute appropriate fees. Norman v. Hous. Auth. of the City of Montgomery, Ala., 836 F.2d 1292, 1298-99 (11th Cir. 1988) (citations omitted). The lodestar is the product of the hours reasonably expended on litigating the case by a reasonable hourly rate. Hensley v. Eckhart, 461 U.S. 424, 433 (1983). "[T]here is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d

1348, 1350 (11th Cir. 2008) (internal citation and quotation omitted). However, the inquiry does not end there, and the court may take into account other factors that warrant adjusting the amount upward or downward. Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1492 (11th Cir. 1994).

Factors the court should consider in calculating a fee award include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the expertise, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated in part on other grounds*, Blanchard v. Bergeron, 489 U.S. 87 (1989); see also Cable/Home Corp. v. Network Prod., Inc., 902 F.2d 829, 853 (11th Cir. 1990).

The party seeking attorneys' fees bears the burden of establishing the number of hours reasonably expended as well as the reasonable hourly rate. Norman, 836 F.2d at 1303. Ultimately, the determination of reasonableness lies within the sound discretion of the court: "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment either with our without the aid of witnesses as to value." Id. (citations omitted).

Here, Plaintiff requests a total of $10,294.50 in attorneys' fees. This amount reflects 25.5 attorney hours at a rate of $400 per hour and .9 paralegal hours at a rate of $105 per hour. After weighing the Johnson factors and applying the Court's own knowledge and experience, the Court finds Plaintiff's request for fees unreasonable and excessive and cuts them accordingly.

**A. Reasonable Hours Expended**

Even when there is a clear prevailing party, "the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey Int'l, Inc., 373 F. App'x 907, 910-11 (11th Cir. 2010) (citing Hensley, 461 U.S. at 434). "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 434, 437). A lawyer "may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in similar cost benefit analysis." Id.

The district court "must be reasonably precise in excluding hours thought to be unreasonable or unnecessary" and "is charged with deducting for redundant hours." Id. at 1301. Courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). When a district court finds the number of hours claimed in a fee petition to be unreasonably high, "the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350.

The Declaration of Andrew R. Frisch (Doc. 22-3, pp.2-10), counsel for Plaintiff, along with Mr. Frisch's itemized time sheet (Doc. 22-3, pp. 20-21), document that Plaintiff's counsel spent 25.5 hours researching, drafting and otherwise negotiating this case. Plaintiff attempts to justify the amount of time spent litigating the case by arguing, without support, that the novelty and difficulty of this particular FLSA case was procedurally different from a "run of the mill" wage and hour case. Plaintiff further submits that as a result of his attorney's overall efforts, his recovery was "nothing less than spectacular." (Doc. 22, p. 4). Plaintiff interprets Defendants' opposition to the fee amount as an argument that the fee award is grossly out of proportion to the damages award received by Plaintiff. While Defendants do point out the considerable margin between the

$590 Plaintiff received in damages as a result of the consent judgment and the more than $10,000 now requested in attorneys' fee, in reality, the crux of Defendants' argument is that Plaintiff's counsel intentionally engaged in tactics to generate increased fees.

The Court is hard-pressed to find this case even remotely novel or complex.[1] FLSA cases can, indeed, be quite involved and require a great deal of expertise to unravel; however, this case is not an example of a time-intensive FLSA case, particularly for an attorney with the level of experience touted by Plaintiff's counsel. Plaintiff's single-count complaint alleges that Defendants failed to pay him overtime wages for time worked during a discrete, eight month period of time. The parties ascertained the amount of wages due Plaintiff before Defendants even filed an Answer, and there appears never to have been a dispute regarding the error in Plaintiff's wages. Up until the filing of Defendants' Answer, the time records report that Plaintiff's attorney entered 5.9 hours of time. Plaintiff claims a total of 25.5 hours; it therefore appears to the Court that the remaining 19.6 hours of time largely went into arguing about attorneys' fees.[2]

---

[1] As Justice Bleckley once sagely observed, "In the ornithology of litigation this case is a tomtit furnished with a garb of feathers ample enough for a turkey." Lukens v. Ford, 87 Ga. 541 (1891).

[2] The billing records reflect that a large portion of this remaining time encompassed preparation and review of written discovery, a fact that flummoxes the Court considering the parties arrived at the amount of overtime wages due Plaintiff within days of the case's origination. Frankly, there was nothing to gain from discovery other than increased fees.

Taking into account the discrete issues presented in this case and the extremely limited amount of time required by the parties to resolve the paramount question of whether or not Defendants' owed Plaintiff overtime wages, the Court finds that this case presented neither factually nor legally complex issues warranting the expenditure of such an excessive amount of time. In the Court's estimation, there is no reason why this case should have progressed even to the point of an Answer being filed. The Court, exercising its discretion and employing its expertise in the arena of fee determination, accordingly finds Plaintiff's hours unreasonable and reduces the hours by 75%, from 25.5 hours to 6.375 hours.

Plaintiff also claims .9 hours of work completed by a paralegal. A court may award fees for the work of paralegals, but "only to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (quotation and emphasis omitted). Defendants do not dispute the time attributed to the paralegal. The Court thus finds the paralegal entitled to .9 hours and excludes that work from the across-the-board cut.

**B. Reasonable Hourly Rate**

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services of lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d 1299. "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services in the place where the case is filed." Barnes, 168 F.3d at 437.

An exception arises permitting recovery of non-local rates where there is evidence of "a lack of attorneys practicing in that place who are willing and able to handle [the] claims." Id. The prevailing party "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Norman, 836 F.2d at 1299.

This case was filed in Valdosta, Georgia in the Middle District of Georgia. The events giving rise to this litigation likewise occurred in and around Valdosta. Plaintiff's attorney practices outside the State in Plantation, Florida. Defense counsel is located in Valdosta. The Court, therefore finds that Valdosta is the appropriate community for the purpose of deciding the reasonable hourly rate.

Plaintiff's attorney Andrew R. Frisch is an experienced litigator with approximately 14 years of litigation experience. He is well-seasoned in handling FLSA collective action cases as well as other complex wage and hour matters and is frequently invited to speak to forums on these subjects. Regardless of Frisch's level of experience and expertise and his obvious qualification to prosecute the claims pertinent to this action, the Court finds that a rate of $400 is not commiserate to similarly situated attorneys in Valdosta. Based on the Court's knowledge of the Valdosta legal community, the Court concludes that a rate of $250 is reasonable and reduces the hourly rate accordingly.

Plaintiff seeks a rate of $105 per hour for paralegal time. In light of the Court's own research and expertise determining reasonable rates of service for paralegals in the Valdosta area, the Court finds that $75 per hour is reasonable.

**C. Costs**

Plaintiff asks the Court to award $800 in costs and expenses. Other than the requisite $400 filing fee, the Court is uncertain of the origin of this dollar figure. Plaintiff references a cost ledger; however, that particular exhibit does not appear to have been filed in the docket. Despite the Court's reservations, the Defendant does not dispute this figure, and the Court accordingly grants Plaintiff the benefit of the doubt and awards Plaintiff $800 in costs.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Award of Attorneys' Fees (Doc. 22) is granted in part and denied in part. Defendants are ordered to pay Plaintiff $1,661.25 in attorneys' fees and $800 in costs.

**SO ORDERED** this 26th day of January, 2016.

***s/ Hugh Lawson***
**HUGH LAWSON, SENIOR JUDGE**

aks